BENTON, J.,
concurring in part and dissenting in part.
I concur in the judgment except that I would reverse half the fee award entered against appellant. In the order under review, the trial court determined: “Petitioner pursued no novel legal argument that was not foreclosed by existing case law or statutory authority.” But the trial court did not find that the losing party’s attorney acted in good faith.
Although appellant might have argued more forcefully and with greater clarity that he should not have been held responsible for the entire attorney’s fee awarded, he did argue in the initial brief that “the probate court erred in awarding sanctions against Appellant alone, without apportioning any liability to Appellant’s counsel.” See § 57.105(1), Fla. Stat. (2011) (providing “the court shall award a reasonable attorney’s fee ... to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney....”).
It may also be worth noting that, while an award of costs is not authorized under section 57.105, Florida Statutes (2011), such awards are authorized under section 57.041(1), Florida Statutes (2011), if timely requested. See Fla. R. Civ. P. 1.525; Fla. Prob. R. 5.025(d)(2).